D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAVID ANTHONY CAMPBELL,

              Petitioner,            **MEMORANDUM & ORDER**
                                                        07-CV-5086 (NGG)
    -against-

US-DHS, NEW YORK DISTRICT OFFICE,

              Respondents.
----------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner David Anthony Campbell ("Petitioner" or "Campbell"), brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of the Board of Immigration Appeals ("BIA") finding him subject to removal from the United States. For the reasons discussed below, the petition is dismissed.

**I.    Background**

Campbell, a native and citizen of Jamaica, entered the United States as a lawful permanent resident alien on June 30, 1973. In 1979, Campbell received two years probation following a conviction in Dade County, Florida for possession and transportation of three kilograms and 450 grams of marijuana. On March 5, 1991, Campbell was convicted in New York State Supreme Court, County of Queens, of Criminal Possession of a Weapon in the Fourth Degree, in violation of Section 265.01(1) of the New York State Penal Law ("Penal Law"). On June 26, 1996, Campbell was convicted, in New York State Supreme Court, County of Queens, of Burglary in the First Degree, under Penal Law § 130.40(4). For his burglary conviction,

1

Campbell was sentenced to an indeterminate term of three to nine years.[1]

On November 1, 1996, the Immigration and Naturalization Service ("INS") placed Campbell in deportation proceedings through the issuance of an Order to Show Cause ("OSC"), charging Campbell with deportability under Section 241(a)(2)(C) of the Immigration and Nationality Act ("INA" or "Act"), 8 U.S.C. § 1251(a)(2)(C), as an alien who was convicted of possessing a firearm, as defined in 18 U.S.C. § 921(a). Following a series of deportation hearings, on January 9, 1998, an Immigration Judge ("IJ") determined that Campbell was deportable due to his firearms possession conviction and that Campbell was not eligible for a waiver of deportation under INA § 212(c), 8 U.S.C. § 1182(c). The IJ further found that Campbell was ineligible for an adjustment of status under INA § 245(a), 8 U.S.C. §1255(a), because, by virtue of his drug possession conviction, he was an alien who the Attorney General knows or has reason to believe is an illicit controlled substance trafficker. See Matter of Rico, 16 I.&N. Dec. 181, 186 (BIA 1977).

Campbell filed an administrative appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). On September 23, 1998, the BIA dismissed Campbell's appeal. Campbell then filed a timely motion to reconsider the BIA's dismissal of the appeal, and on December 3, 1998, the BIA denied Campbell's motion.

Campbell filed a petition for a writ of habeas corpus before Judge Reena Raggi in the United States District Court for the Eastern District of New York, challenging his final deportation order. See Campbell v. Reno, 99 CV 1347 (RR). On July 9, 2002, Judge Raggi

---

[1] The record does not indicate the length of time Campbell actually served for his burglary conviction.

remanded Campbell's deportation order to the BIA to allow the BIA to consider whether Campbell was eligible for an adjustment of status following the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001) (holding that the provisions of AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act precluding aliens who are removable because of a conviction for an aggravated felony from applying for discretionary relief from deportation did not apply retroactively to an alien who pled guilty to sale of controlled substance prior to those statutes' enactment).

On September 19, 2002, the BIA reopened Campbell's case pursuant to Judge Raggi's order and remanded the case to the IJ to allow Campbell to apply for relief under INA § 212(c). An IJ in New York City conducted a series of hearings between November 14, 2002 and June 6, 2003. On April 9, 2003, ICE (formerly part of the INS) filed an additional charge of deportability against Campbell, charging him under INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii), as an alien deportable for commission of an aggravated felony as defined in INA § 101(A)(43)(g), 8 U.S.C. § 1101(a)(43)(G). The underlying conviction that supported this charge was Campbell's June 26, 1996 burglary conviction, which was on direct appeal at the time of his initial deportation proceedings from 1996 through 1998 and so was not considered in those proceedings.

On June 6, 2003, the IJ held that Campbell was deportable under INA § 241(a)(2)(A)(iii) because his burglary conviction was considered an aggravated felony. The IJ found that, because Campbell committed an aggravated felony, he was not eligible for a § 212(h) waiver and was not entitled to any relief from deportation. (Respondent's Exhibit ("Resp. Ex.") N.) Without the § 212(h) waiver, Campbell was not eligible to seek an adjustment of status pursuant to § 245(a).

3

The IJ also found that INA § 212(c) relief was not available to Campbell under INS v. St. Cyr, 533 U.S. 289 (2001), because Campbell was found guilty following a trial by jury and INS v. St. Cyr applied only to convictions following a guilty or *nolo contendere* plea. As Campbell was not entitled to § 212(c) relief or an adjustment of status, the IJ ordered that Campbell be deported from the United States pursuant to the charges contained in the OSC.

On May 3, 2004, the BIA summarily affirmed the IJ's June 6, 2003 decision. The BIA denied Campbell's motion to reconsider on June 23, 2004. Campbell then filed a second pro se petition for a writ of habeas corpus before this court on July 14, 2004, challenging the validity of his deportation order on the grounds that he was improperly denied the opportunity to apply for a waiver of deportability from the United States and an adjustment of status. See Campbell v. Gantner, 04 CV 2975 (NGG). Campbell named Mary Ann Ganter, District Director of U.S. Citizenship and Immigration Services ("CIS") for the New York District, as the sole respondent in his action. At the time he filed his petition, Campbell was residing at his home in Jamaica, New York. Respondent contended that Campbell's action should be transferred to the Southern District of New York because this court lacked territorial jurisdiction over Campbell's proper custodian, the Field Officer Director ("FOD") for U.S. Immigration and Customs Enforcement ("ICE") in Manhattan, New York. The respondent argued that, if the court did not transfer the case, Campbell's separate convictions for drug possession, criminal possession of a weapon, and burglary precluded his eligibility for any waivers or other relief from deportation. On December 7, 2004, I found that this court had jurisdiction over Campbell's petition for a writ of habeas corpus and denied the § 2241 petition. Petitioner appealed to the United States Court of Appeals for the Second Circuit which by summary order dated November 17, 2005, denied the petition.

4

See Campbell v. Gantner, 05-0401-PR.

Petitioner has now brought another pro se petition for a writ of habeas corpus. the third § 2241 that he has brought before this court. In the instant petition, Petitioner argues that since the time of his last criminal conviction in 1996. he has had a ten-year period of good behavior and. therefore. should not be subject to deportation.

## II. Discussion

This court has no jurisdiction to review petitioner's current petition. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title 1, 119 Stat. 231, 310-11, amending 8 U.S.C. § 1252. provides that the "sole and exclusive" means for challenging an order of removal is a "petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); see also Marquez-Almanzar v. I.N.S., 418 F.3d 210. 215 (2d Cir. 2005) (finding that 8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal). Such a petition for review must be filed in the court of appeals for the judicial circuit in which the order of removal was entered within thirty days from the date of the order of removal. 8 U.S.C. §§ 1252(b)(1), (2).

In this case, Petitioner is once again challenging his final order of removal. Therefore. petitioner should have brought this petition pursuant to the provisions of 8 U.S.C. § 1252(b)(5) in the United States Court of Appeals for the Second Circuit. However. due to its untimeliness. there is now no basis for Petitioner to file a petition for review with the Court of Appeals and thus no grounds for this court to consider whether it may transfer this case "in the interests of justice" pursuant to 28 U.S.C. § 1631. See De Ping Wang v. Dept. of Homeland Sec., 484 F.3d 615. 618 (2d Cir. 2007) (finding that when a petition for a writ of habeas corpus challenging a removal order under 28 U.S.C. § 2241 is improperly filed in the district court, transfer to the

Court of Appeals is impermissible under 28 U.S.C. § 1631 where the petition is untimely and thus could not have been brought in the Court of Appeals at the time it was filed in the district court).

### III. Conclusion

As this court lacks jurisdiction to review Petitioner's claims under 28 U.S.C. § 2241, the petition is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close the case and serve a copy of this Order upon the pro se Petitioner.

SO ORDERED.

Dated: December 13, 2007
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge